**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KIEANNA BROOKS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNIVERSITY OF KANSAS HOSPITAL AUTHORITY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:17-CV-02431-KHV-GEB** |

**PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary to protect both the Parties and other persons from potential annoyance and embarrassment, as well as to safeguard confidential business and proprietary information. Discovery in this case may potentially seek, subject to discovery and relevance standards, the following private information from the Parties and non-parties: medical, tax and financial information and other private and confidential documents regarding the Parties and non-parties; confidential information concerning the University of Kansas Hospital Authority's ("UKHA") business and business operations; UKHA's employees; confidential portions of personnel files of Parties and non-parties; and the address, contact information, and other personal

information of non-parties ("confidential information"). Good cause exists for the issuance of a protective order, including the fact that many persons associated with this matter reside or work in a relatively small group of communities that are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, and/or unfair business or competitive advantage, and it could potentially impact upon certain persons' personal and/or work relationships.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

**1. Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below.

**2. Definition of Confidential Information.** The Parties have agreed that certain categories of non-public documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential. As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: the confidential business, financial and/or net worth information of the Parties, marketing strategies, customer lists, customer preferences, projected financial information, business plans, and related information; the confidential personnel

and/or human resource files of any of UKHA's current or former employees or agents, including, but not limited to, any internal investigative materials; salary and/or benefits information relating to any of UKHA's current or former employees or agents; medical information regarding Parties and non-parties; and employment and/or tax records relating to the Parties or others. This Order shall not apply to information that is available to the public or to information that is lawfully obtained from sources other than the Parties through the discovery process.

**3. Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

**4. Inadvertent Failure to Designate.** The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation and, in that case, the material is treated as confidential only after being properly designated. Any failure

to designate information as "Confidential" that was the result of mistake or oversight will not be deemed a waiver and may be cured by providing written notice thereof to counsel for the receiving party. Upon receipt of such notice, counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

**5. Depositions**. Any party to this action may also designate deposition testimony as "Confidential" pursuant to this Protective Order by advising opposing counsel of record, in writing, within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition that the party believes fall under paragraphs one and two. Alternatively, any party may, on the record at the deposition, designate deposition testimony as "Confidential" by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order. Designations of deposition testimony must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6. Protection of Confidential Material.**

**(a) General Protections.** Designated Confidential Information is to be treated as such by the party receiving the information, and must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

**(b) Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees, agents, and representatives of the parties;

(2) Counsel for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the Court or jointly selected by the parties;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7) Any actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts while testifying;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c) Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7. Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the

court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**8. Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

**9. Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any

trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order, or portion thereof, or the right to file a motion *in limine* regarding the use of any such documents.

**10. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation, except with respect to documents that are no longer confidential.

**(b) Return of Confidential Documents.** At the conclusion of this litigation, the parties' respective counsel (if represented) shall, upon written request of the other party, return or destroy by shredding all confidential documents, including all copies of the same, to the counsel of record of the party that produced that document. Destruction by shredding shall be certified in writing to the producing person. The parties and their counsel retain the right to keep any confidential documents that were admitted as exhibits in this case, as well as all pleadings, briefs, memoranda, motions and other documents containing their work product that refer to or incorporate any documents that fall under the scope of this Order. Counsel for the parties further retains the right to keep one copy of all confidential documents as components of the client file to the extent required by any rule of professional conduct. Absent such request, at the conclusion of the litigation, all confidential documents and information derived from them shall be kept strictly confidential.

**11. Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**14. Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work

product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within seven (7) days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: October 30, 2017

S/ Gwynne E. Birzer
U.S. Magistrate Judge Birzer

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

CORNERSTONE LAW FIRM

By: */s/ Megan L. Stiles*
Joshua P. Wunderlich (D. Kan. #78506)
Megan L. Stiles (D. Kan. #78462)
8350 N. St. Clair Ave., Suite 225
Kansas City, Missouri 64151
Telephone (816) 581-4040
Facsimile (816) 741-8889
j.wunderlich@cornerstonefirm.com
m.stiles@cornerstonefirm.com

ATTORNEYS FOR PLAINTIFF

Dated: October 27, 2017

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

POLSINELLI PC

By: */s/ Lynn G. Trevino-Legler*
ERIC E. PACKEL (#23070)
LYNN G. TREVINO-LEGLER (#23970)
HENRY J. THOMAS (KS #26246)
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
epackel@polsinelli.com
ltrevino@polsinelli.com
hthomas@polsinelli.com

ATTORNEYS FOR DEFENDANT UNIVERSITY OF KANSAS HOSPITAL AUTHORITY

Dated: October 27, 2017

**ATTACHMENT A**
**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _______________ in the case captioned, *Kieanna Brooks v. University of Kansas Hospital Authority*, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ______________________________________

Job Title: ______________________________________

Employer: ______________________________________

Business Address: ______________________________________

______________________________________

Date: __________________ ______________________________
Signature